PER CURIAM.
 

 Isaac Morrison (Defendant) appeals two orders entered on the same date, one summarily denying his motion to correct sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, and the other summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. This court sua sponte consolidated the two appeals. We affirm the denial of the rule 3.800(a) motion without further discussion. We reverse the summary denial of the rule 3.850 motion in part, as to Defendant’s seventh ground for relief, and otherwise affirm.
 

 Defendant was charged with failure of sex offender to properly register, occurring between November 1, 2005, and March 3, 2006. At his jury trial, evidence was adduced that he had been advised of the sex offender registration requirements, including that he had to register within forty-eight hours of release and notify the Department of Highway Safety and Motor Vehicles within forty-eight hours of a change of address so the registration records could be updated. In September 2005, Defendant registered an address at a motel on North Federal Highway in Boyn-ton Beach, but in March 2006, an officer with the Boynton Beach Police Department Sexual Predator and Offender Tracking Unit received information raising his suspicion as to where Defendant actually was living. On investigating, he learned the motel management had asked Defendant to leave around the middle of September.
 

 Defendant testified that when he registered originally, he had neither a permanent or a temporary address, but he filled out a form, providing a mailing address on Northeast 12th Avenue in Boynton Beach. In September, he obtained a duplicate identification card showing the North Federal Highway address. Thereafter, however, he did not have an established address, but he regularly called the detectives to tell them he did not have an address, and the detective he dealt with, a Brent Combs, told him to change his address when he gets settled. He had provided an address where he could always be reached, because he had difficulty finding a permanent address. He was not hiding; he called the detectives at least once a week to let them know what was happening.
 

 On cross-examination, Defendant was asked if he lived at an address on N.E. Sixth Court subsequent to September
 
 *735
 
 2005, and he denied it. Defendant acknowledged he had made a statement regarding that address to the Boynton Beach Police Department on March 3, 2006, but he insisted he said an offense took place there, not that he resided there; he merely visited his friend Gail there on a regular basis, and had a key to that apartment in order to do some construction work to refurbish the apartment. He acknowledged that he had tools and some clothes there, and if the officer who responded to his call asked if it was his residence, he might have said yes, but he did not recall being asked that question. Defendant did not fill out a registration form saying he lived there because he denied ever living there. He had been told by Brent Combs that his registration was all right. He could always be reached at the N.E. 12th Avenue address that he used as his mailing address.
 

 A Boynton Beach police officer then testified for the state as a rebuttal witness that on March 3, 2006, he responded to the N.E. Sixth Court address and came into contact with Defendant and his girlfriend Gail. For the police report, Defendant advised that that address was his current address, where he resided, and Defendant’s sworn witness statement also reflected that was his apartment.
 

 In his seventh ground, Defendant claimed counsel was ineffective for failing to call as a witness Detective Combs, the detective assigned to his case, who would have verified that Defendant’s statements were correct and that there was no violation.
 

 The state asserts that during Defendant’s trial, it proved beyond a reasonable doubt that Defendant knew he was required to register and had not done so at the relevant time, so even if Detective Combs had testified in accordance with what Defendant said he would say, it would not have made any difference.
 

 We disagree that the record conclusively showed that Detective Combs’s testimony would not have had a reasonable probability of changing the outcome of the trial. We therefore reverse the summary denial of ground seven of the rule 3.850 motion and remand for the trial court to hold an evidentiary hearing on this ground for relief.
 

 Affirmed in part, reversed in part, and remanded.
 

 GROSS, C.J., WARNER and DAMOORGIAN, JJ., concur.